Lahtinen, J.E (concurring).
I agree with the majority’s conclusion that a new trial is necessary on count 1, aggravated vehicular homicide. Respectfully, I write separately because I would hold that a jury should be instructed not to consider a defendant’s intoxicated condition[1] when weighing the reckless driving element of the crime of aggravated vehicular homicide. Stated another way, when reckless driving is weighed as an element of aggravated vehicular homicide, the jury’s focus for that element should be limited to the driver’s manner of operation rather than the driver’s condition. The driver’s condition— intoxication — is already an essential part of other elements of the crime of aggravated vehicular homicide and should not be used twice to establish separate elements of a single crime.
Permitting one factor (such as intoxication) to be considered twice in enhancing a single crime is not favored (see generally People v Phelps, 211 Ill 2d 1, 12-13, 809 NE2d 1214, 1221 [2004]) and should not occur absent clear and specific legislative direction (cf. Simpson v United States, 435 US 6, 14-15 [1978]). Permitting intoxication to be used twice will likely have the practical effect of vehicular manslaughter in the first degree (a class C felony) routinely becoming the higher offense of aggravated vehicular homicide (a class B felony) without any meaningful additional proof required to raise the level of criminality. Such a result is contrary to the graduated culpability reflected by different felony levels ascribed by the Legislature to these crimes (cf. People v Suarez, 6 NY3d 202, 206-207 [2005]).
The statutory definition of reckless driving in Vehicle and Traffic Law § 1212 proscribes a specifically described manner of operation of a vehicle.[2] Where, as here, that manner of operation serves to elevate to class B felony status a crime that is al *824 ready a class C felony as a result of intoxicated driving causing death (see Penal Law § 125.13), the jury should be instructed to focus solely on the proscribed manner of operation as statutorily defined in Vehicle and Traffic Law § 1212 when considering the reckless driving element.
There may be cases where reckless driving is so apparent that failure to properly instruct the jury regarding such element would be harmless error. For example, driving a vehicle at a high rate of speed in the wrong direction on an expressway or driving at a high rate of speed through a series of city red lights are acts that squarely fall within the definition of reckless driving. In the current case, the issue was not as clear as these examples. Defendant premised much of his defense on challenging the reckless driving element of count 1 and specifically requested that the jury be instructed not to weigh his intoxication when considering such element. This tragic case is close on the element of reckless driving and, despite specific requests by defendant, inadequate instructions were given to the jury. Accordingly, I agree with the majority that a new trial must be conducted on this count of the indictment.
Ordered that the judgment is modified, on the law, by reversing defendant’s conviction of aggravated vehicular homicide under count 1 of the indictment and vacating the sentence imposed thereon; matter remitted to the County Court of Warren County for a new trial on said count; and, as so modified, affirmed.

. The current case involves intoxication and I have limited my discussion to such condition. However, the same analysis would apply if the underlying condition consisted of alcohol and drugs, or drugs alone (see Penal Law § 125.12 [1]).

. As noted by the majority, care must be taken not to confuse “recklessly” as defined for purposes of the Penal Law (see Penal Law § 15.05 [3]) with the separately defined misdemeanor of reckless driving contained in Ve *824 hide and Traffic Law § 1212, which carries a maximum punishment of a $300 fine and 30 days in jail for a first offense (see Vehicle and Traffic Law § 1801).